UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA WHITAKER

      Plaintiff,

V.                                                        CIVIL ACTION NO

MIDLAND CREDIT MANAGEMENT INC.

Defendant.                                    JULY 5, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k

3. Plaintiff is a natural person who resides in Burtonsville, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and MCDCA.

6. Defendant has a principal place of business at 500 WEST FIRST HUTCHINSON, KS 67501.

.

7. Defendant communicated with Plaintiff and other on and after December 2011 in connection with collection efforts with regard to Plaintiff's discharged personal debt originally owed to Verizon Maryland.

8. Defendant purchased the defaulted consumer debt on or about October 2011.

9. Plaintiff filed for bankruptcy and notified the Verizon Maryland, who confirmed they were notified of plaintiff's filing via written letter dated June 20, 2011.

10. Defendant purchased a debt which was discharged on October 12, 2011.

11. Defendant attempted to collect a debt which was discharged in bankruptcy and violated the Fair Debt Collection Practices Act.

12. Defendant reported to the major credit bureaus Plaintiff's discharged debt.

13. Plaintiff called the Defendant on December 2011 and spoke to a collection agent who identified himself as a supervisor named "Michael."

14. Defendant through their agent advised Plaintiff "*Debt was purchased in October they purchase debt in bulk, initially they don't check to see if people have filed bankruptcy.*"

15. Defendant was advised by the Plaintiff that the account was discharged in Bankruptcy.

16. Defendant advised the Plaintiff, Midland mailed an initial collection letter on December 5, 2012 and when there was no response they reported the debt to the credit bureaus.

16. Defendant still continued to attempt to collect this discharged debt.

18. Defendant has inadequate procedures in place to avoid such errors.

19. In the collection efforts, the defendant violated the FDCPA; inter alia, section 1692 e and f.

## SECOND COUNT

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA"); Md. Ann. Code Business Regulation Collection Agencies § 7-301 et seq.

22. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff statutory damages pursuant to the MCDCA.

3. Award the Plaintiff costs of suit and a reasonable attorney's fee;

4. Award and such other and further relief as this Court may provide.

THE PLAINTIFF

BY/S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
203-4814040
Fax: 443-440-6372
Email: mwk550@yahoo.com